IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| STEVE H. EZZARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 314-141 |
| | ) |
| DR. AJIBADE and | ) |
| WARDEN BRAD HOOKS, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned civil rights case *pro se*, and has paid the $400.00 filing fee. Before the Court are Plaintiff's two motions for emergency injunctive relief. (Doc. nos. 17, 19.) The Court finds it appropriate to rule on Plaintiff's motions without further delay. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for an emergency injunction be **DENIED**.

**I. DISCUSSION**

In his motions, Plaintiff alleges the same facts that are the subject of his complaint, namely that Defendants are refusing to provide him with necessary medical care in the form of "a leg straightening," a new knee, pins in his ankle, and surgical removal of two hernias. (Cf. doc. no. 7, p. 5 with doc. no. 17, p. 14; see also doc. no. 19.) Plaintiff asks the Court to order Governor Nathan Deal to grant him a "medical reprieve or pardon" so that he can receive proper medical care. (Doc.

no. 17, pp. 10-11; doc. no. 19, p. 1.) These motions are substantially similar to the motion United States District Judge Steve C. Jones denied prior to transferring the case to this District. (See doc. nos. 11, 12, 13, 15.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements. First, Plaintiff has not shown a likelihood of success on the merits. As was explained when the first version of these motions was denied in the Northern District, it is not clear at this stage of the proceedings whether Plaintiff would be entitled to a medical reprieve or if this Court would have the authority to grant such relief. Nothing has changed in the way of evidence in this case since Plaintiff commenced this case. Plaintiff has yet to effect service of process on any Defendant, and thus no discovery has been exchanged. Plaintiff simply makes unsubstantiated allegations that he "knows" his rights have been violated based on his narratives concerning his medical treatment. Such purported intuition cannot meet the high hurdle of showing a likelihood of success on the merits.

Moreover, Governor Deal, the person from whom Plaintiff seeks a "medical reprieve or pardon" is no longer a party to this lawsuit because Judge Jones dismissed Governor Deal prior to

transferring the case to this District. Even if Plaintiff had shown a likelihood of success on the merits, which he has not, this Court does not have jurisdiction to order a person in the Northern District who has been dismissed from this case to take any action with respect to Plaintiff. Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003).

Second, Plaintiff has failed to establish that there is a substantial threat he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). As explained above, Plaintiff offers only unsubstantiated allegations and assessments of his medical condition and what kind of treatment he needs. However, in the absence of any medical evidence in the record to evaluate, Plaintiff offers nothing in the way of specific information such that the Court could find he would suffer irreparable injury if the injunction is not granted.

Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's requests for injunctive relief. See Jefferson County, 720 F. 2d at 1519. As discussed above, Plaintiff's conclusory assertions in his motions do not satisfy the first two prongs required for injunctive relief. Thus, he is not entitled to the relief he seeks. In any event, Plaintiff's conclusory arguments regarding the third and fourth prongs are similarly meritless because they, too, fail to provide any factual detail that would satisfy his burden of proof. (See generally doc. no. 17, pp. 6-10; doc. no. 19.)

## II.   CONCLUSION

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunction he seeks. The motions are a restatement of the ultimate relief sought by this lawsuit, in essence, an attempt to leapfrog the litigation process and have the Court grant the relief requested without hearing from the opposition. Thus, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for an emergency injunction be **DENIED**. (Doc. nos. 17, 19.)

SO REPORTED and RECOMMENDED this 9th day of December, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA