ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JAN 22 P 2: 06
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| STEVE HUGH EZZARD, | * | |
| Plaintiff, | * | |
| v. | * | CV 314-141 |
| DR. AJIBADE and BRAD HOOKS, | * | |
| Defendants. | * | |

**O R D E R**

On January 20, 2015, Plaintiff, proceeding pro se in this prisoner civil rights case, filed a "motion to recuse" (doc. no. 31) and an affidavit in support of his motion (doc. no. 32) asking the District Judge to recuse from this action the Magistrate Judge due to bias, prejudice, and having an interest in the outcome of the case.

Recusal is governed by two federal statutes, 28 U.S.C. § 144 and § 455. Johnson v. Monaco, 350 Fed. Appx. 324, 327 (11th Cir. 2009). Under the former, a judge must recuse himself when a party to a district court proceeding files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party. Id. Pursuant to § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Id. Under either statute, the bias must be personal and stem from an extra-

judicial source. Id. Consequently, adverse rulings alone are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias. Id.

Plaintiff states that the Magistrate Judge is strictly adhering to the Federal Rules of Civil Procedure, despite Plaintiff's pro se status, and is threatening to dismiss Plaintiff's case pursuant to those Rules. Plaintiff insists that the Magistrate Judge "has extrajudicial knowledge and an interest in the outcome of this case." (Doc. no. 31.) Plaintiff points to two recent adverse rulings in this case to support those allegations.

First, on December 9, 2014, the Magistrate Judge recommended denial of Plaintiff's motion for an emergency show-cause proceeding and motion for emergency relief. (Doc. no. 22.) After a careful de novo review of the file, the Court concurred with the Magistrate Judge's recommendation and dismissed the motions over Plaintiff's objections. (Doc. no. 29.) Second, on January 6, 2015, the Magistrate Judge denied Plaintiff's motion to amend his complaint. (Doc. no. 28.) There is nothing in those Orders to support Plaintiff's allegations and he points to no other facts in the record to show that the Magistrate Judge has a personal bias stemming from an extrajudicial source. See id. (holding that plaintiffs' disagreement with court's rulings, without more,

was insufficient to demonstrate judicial bias or prejudice as grounds for recusal of judge and magistrate in civil rights action).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to recuse (doc. no. 31) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE