IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| STEVE H. EZZARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 314-141 |
| | ) |
| DR. AJIBADE and | ) |
| WARDEN BRAD HOOKS, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned civil rights case *pro se*, and has paid the $400.00 filing fee. Before the Court is Plaintiff's document entitled "Mandamus Absolute," which the Clerk of Court docketed as a motion for a writ of mandamus. (Doc. no. 27.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for mandamus relief be **DENIED**.

**I. DISCUSSION**

Although the only two Defendants in this case are Dr. Ajibade and Warden Brad Hooks,[1] Plaintiff seeks mandamus relief from Governor Nathan Deal, Commissioner of the Georgia Department of Corrections Brian Owens, Thurmon Henderson from the "Department of Parole &

---

[1] The record does not reflect that Plaintiff has yet effected service of process on either Defendant. Thus, no Defendant has actually made an appearance in this case. As has previously been explained to Plaintiff, failure to timely effect service may result in the dismissal of any unserved Defendant or the entire case. (See doc. no. 21, p. 2 (citing Federal Rule of Civil Procedure 4(m).)

Probation," and United States District Judge Dudley H. Bowen, Jr. Plaintiff seeks release from prison based on his medical condition, or in the alternative, thirty-five million dollars. (Id. at 12.) In his filing, Plaintiff again makes many of the same arguments for release that have previously been rejected by United States District Judge Steve C. Jones in the Northern District of Georgia prior to transferring the case to this District and by Judge Bowen when he denied two prior motions for injunctive relief. (See doc. nos. 11, 12, 13, 15, 17, 19, 22, 29.)

The federal statute regarding writs of mandamus, 28 U.S.C. § 1361, provides such relief against only federal officers, employees, or agencies. Moreover, "[m]andamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004). Under these standards, Plaintiff's mandamus request fails for multiple reasons.

First, Plaintiff seeks mandamus relief from four individuals who are not parties to this lawsuit. Second, three of the four persons named in the request for mandamus relief are state, not federal, officials. Although Judge Bowen is a federal officer, even if the Court were to ignore the fact that he is not a defendant in this case, he owes no clear nondiscretionary duty to Plaintiff regarding his medical care, release on a medical reprieve, or payment of thirty-five million dollars.

Finally, Plaintiff "cannot invoke the extraordinary remedy of mandamus because [he has] an alternative 'avenue of relief.'" Id. Regardless of what other types of relief may be available in state court for pursuing a medical pardon or release on parole, at a minimum, Plaintiff can move forward with this civil action by serving Defendants Ajibade and Hooks. The case would then proceed into the discovery period, providing Plaintiff with an opportunity to attempt to garner documented evidence to support his claims. Indeed, as explained when Judge Bowen denied Plaintiff's prior

2

requests for injunctive relief, undocumented narratives concerning Plaintiff's medical condition(s) and treatment, as well as statements about what he "knows" to be true about the necessity for "urgent life & limb saving surgery" (doc. no. 27, p. 9), does not automatically entitle Plaintiff to the relief he seeks. Plaintiff must marshal evidence in support of his claims.

## II. CONCLUSION

In sum, Plaintiff improperly seeks federal mandamus relief from state officials and non-parties to this litigation. Plaintiff has not established that anyone owes him a clear non-discretionary duty to release him from prison and/or provide him with the medical care he believes is necessary, let alone to pay him thirty-five million dollars. Nor, has Plaintiff exhausted all other avenues of relief. Thus, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for mandamus relief be **DENIED**. (Doc. no. 27.)

SO REPORTED and RECOMMENDED this 2nd day of February, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA