ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 APR 24 P 3:03

CLERK C. Adams
SO. DIST. OF GA.

| | | |
|---|---|---|
| STEVE HUGH EZZARD, | * | |
| Plaintiff, | * | |
| v. | * | CV 314-141 |
| DR. AJIBADE and BRAD HOOKS, Warden, | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is <u>pro se</u> Plaintiff's "Objection to Magistrate Order to Deny Document #28 Motion to Reconsider For Just Cause" (doc. no. 40), and letter to the presiding judge in this case (doc. no. 43), which the Court construes as a motion regarding service. The motions are **GRANTED** as set forth below.

### I. BACKGROUND

On July 23, 2014, Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, filed a complaint in the Northern District of Georgia pursuant to 42 U.S.C. § 1983 seeking the following relief:

> The Veteran's Administration has acknowledged that they'd fix my leg, provided [sic] therapy and future treatment. I ask that this Court grant the VA Hospital authorization to do the surgery and make the State of Georgia Department of Corrections

> pay me $35,000,000.00 million dollars for damages, denial of medical treatment, pain and suffering, emotional distress, and punitive damages.

(Compl. ¶ 5.) On October 8, 2014, Plaintiff paid the $350.00 filing fee and the $50.00 administrative fee required for civil actions ("filing fees"). (See doc. no. 21.) That court dismissed Plaintiff's claims against certain Defendants and transferred his remaining claims to this Court. (Doc. no. 15.) Dr. Ajibade and Warden Brad Hooks, officials at Johnson State Prison, are the only remaining Defendants in the case.

Upon transfer, the Court explained to Plaintiff that pursuant to Federal Rule of Civil Procedure 4, he is responsible for serving Defendants because he paid the filing fees. (Doc. no. 21.) The Court then set the 120-day time limit for service under Rule 4 to run from the date of the first Order entered in this Court - December 9, 2014 - rather than the date Plaintiff originally filed his complaint in the Northern District of Georgia. Thus, Plaintiff was required to serve Defendants on or before April 9, 2015.

On December 12, 2014, Plaintiff sought to amend his complaint by adding claims against two former Defendants. (Doc. no. 24.) On January 6, 2015, the United States Magistrate Judge denied the motion because inter alia Plaintiff had not attached an appropriate certificate of service to his motion. (Doc. no. 28.)

2

On January 20, 2015, Plaintiff filed a petition to proceed in forma pauperis explaining that his family paid the initial filing fees, asserting that he is unable to pay any additional fees relating to this litigation, and asking that his case not be dismissed for failure to comply with Rule 4 service requirements. (Doc. no. 30.) On February 2, 2015, the Magistrate Judge denied the in forma pauperis petition as moot because Plaintiff had already paid the initial filing fees and did not specify which expenses he was unable to afford. (Doc. no. 34.)

On February 9, 2015, Plaintiff filed an objection to those rulings regarding service. (Doc. no. 40.) Plaintiff informs the Court that he twice attempted to provide waiver of service forms to Defendant Dr. Ajibade and Defendant Warden Brad Hooks at Johnson State Prison, once by mail and once by personal delivery. Plaintiff contends that Defendants have not waived service, underscores his inability to pay for expenses related to service or litigation, and asks the Court not to dismiss the case.

On March 11, 2015, Plaintiff submitted a letter to the presiding judge seeking the following relief:

> I do not want my case to be dismissed for want of prosecution due to the fact that the Defendants will not waive service by signing [waiver of service] forms in there [sic] possession. So to alleviate a miscarriage of justice and in the interest of justice, I'm asking this Court to have

3

the U.S Marshall's [sic] personally serve the Defendants.

Brad Hooks and Dr. Ajibade at:
Johnson State Prison
290 Donovan-Harris Rd.
P.O. Box 344
Wrightsville, Ga 31096

(Doc. no. 43.)

## II. DISCUSSION

A. Service Requirements and Waiver of Service

Federal Rule of Civil Procedure 4 requires service of the summons and complaint by following the law of the forum state; delivering a copy of the summons and complaint to the defendant personally; leaving the copies at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering copies to the defendant's agent for service of process. Johnson v. Wellborn, 418 F. Appx. 809, 815 (11th Cir. 2011)(citing Fed. R. Civ. P. 4(e)).

Although a plaintiff is responsible for effectuating prompt service of the summons and complaint, certain defendants have a duty to cooperate in saving unnecessary expenses related to service. Fed. R. Civ. P. 4(d)(1). A plaintiff may notify an individual, corporation, or association subject to service that an action has been commenced and request that the defendant waive service of a

4

summons. Id. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure. Fed. R. Civ. P. 4(d)(2).

B. Rule 4 Applied to Prisoner Civil Rights Complaints

1. Pro se and in forma pauperis

Inmates who file Section 1983 actions in this Court are almost without exception unrepresented and unable to pay litigation expenses. When the Court grants a pro se inmate's petition to proceed in forma pauperis, the Court screens the complaint to protect potential defendants. See Philips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Mindful that pro se prisoner civil rights complaints are entitled to liberal construction, the Court dismisses frivolous claims. See, e.g., Davis v. Ga. Dep't of Corr., doc. no. 10, 3:11-cv-009-DHB-WLB (S.D. Ga. 2011). For claims that survive scrutiny, the Court orders that process shall issue. See, e.g., Davis, doc. no. 7.

In most cases, the Court directs the United States Marshals Service ("U.S.M.S." or "the Marshals") to obtain waiver of service through certified mail from each defendant against whom arguably viable claims have been alleged. See L. R. 4.5 ("In cases in which the plaintiff is authorized to proceed in forma pauperis . . . , unless personal service by

5

the Marshal is ordered by the Court, the Marshal may utilize any other form of service or waiver authorized by Federal Rule of Civil Procedure 4."). Specifically, the Clerk of this Court mails to the Marshals:

(1) a copy of the complaint;

(2) a copy of the order holding that certain claims are arguably viable and directing that process shall issue as to those claims; and

(3) a U.S.M.S. Form 285 directing the Marshals to serve a particular defendant at a particular address and, once completed, to send notice of service to the inmate.

Upon receipt of this packet from the Clerk, the Marshals complete a Form AO 398 for each defendant. Form AO 398 notifies the defendant that a lawsuit has been filed against him or her and requests that he or she waive service of a summons. The Marshals also prepare a Form AO 399 for each defendant, which is a waiver of service to be signed and returned to them. To appropriately prepare these two forms, U.S.M.S. relies on information provided by the inmate in the complaint regarding the names and addresses of the defendants. Thus, an inmate proceeding in forma pauperis is responsible for ensuring that the Marshals have sufficient information to identify, locate, and serve each defendant. The Marshals then deliver through certified mail to each defendant:

(1) a copy of the complaint;

(2) a copy of the order holding that certain claims

are arguably viable and directing that process shall issue as to those claims;

(3) a completed U.S.M.S. Form 285 (process receipt and return);

(4) a completed Form AO 398 (notice of a lawsuit and request to waive service of a summons); and

(5) a completed but unsigned Form AO 399 (waiver of the service of a summons).

If a defendant, as in this case, is employed at the Johnson State Prison, then U.S.M.S. mails the documents to P.O. Box 344, Wrightsville, Georgia 31096. In most cases, a staff member at the Johnson State Prison signs the certified mail receipt, which is returned to U.S.M.S. The staff member at the Prison then forwards the documents, including the completed but unsigned Form AO 399 waiver, to the Department of Law of the Georgia Attorney General's Office at 40 Capitol Square, SW, Atlanta, Georgia 30334-1300. An attorney in that office signs the Form AO 399 waiver on behalf of the defendant and returns it to the Marshals. Upon receipt, U.S.M.S. files the signed Form AO 399 waiver with the Clerk and sends notice of service to the inmate. See, e.g., Shaw v. Ajibade, doc. no. 18, 3:11-cv-027-DHB-WLB (S.D. Ga. 2011); Roe v. Ajibade, doc. no. 14, 3:11-cv-070-DHB-WLB (S.D. Ga. 2011); Sumpter v. Ajibade, doc. no. 14, 3:11-cv-081-DHB-WLB (S.D. Ga. 2011); Whitsett v. Powell, doc. no. 15, 3:12-cv-027-DHB-WLB (S.D. Ga. 2012).

7

If the Marshals' efforts to obtain waiver of service via mail are unsuccessful, then the Court may direct them to personally serve the defendant. See L. R. 4.5; see also Holmes v. Dalrymple, doc. nos. 44 & 46, 3:12-cv-099-DHB-BKE (S.D. Ga. 2012). Generally, civil litigants must serve defendants within 120 days of the filing of the complaint or risk dismissal of claims against unserved defendants. Fed. R. Civ. P. 4(m). However, this risk is significantly reduced for prisoners proceeding in forma pauperis who rely on U.S.M.S. - rather than their own efforts - to promptly serve defendants or obtain waiver of service.

2. Pro se, but not in forma pauperis

This framework of duties and responsibilities changes in rare cases, like this one, where a prisoner (or a prisoner's family member) pays the $400.00 initial filing fees. Such litigants do not enjoy the benefits of proceeding in forma pauperis which include the luxury of relying on the Marshals to serve defendants. Pro se prisoners who are not proceeding in forma pauperis have the responsibility, like other plaintiffs, to "effectuate prompt service of the summons and a copy of the complaint or to obtain and file a signed waiver of service" in accordance with Rule 4. L. R. 4.3.

Specifically, upon filing of the complaint and paying the initial fees, the Court issues an order notifying the prisoner

8

of his or her obligations under Rule 4 including the responsibility for serving each defendant within 120 days. Generally, the Court also informs the inmate that, should a defendant choose not to waive personal service, the inmate is still responsible for effecting personal service. See Fed. R. Civ. P. 4(c). The Clerk then mails to the prisoner:

> (1) a copy of the order providing basic instructions and summarizing Rule 4 law;
>
> (2) a blank Form AO 398 (notice of a lawsuit and request to waive service of a summons); and
>
> (3) a blank and unsigned Form AO 399 (waiver of the service of summons).

The inmate prepares the forms by writing party names and addresses in proper places, mails them to each defendant along with a copy of the complaint, and waits for a response. As noted, if a defendant is a Johnson State Prison employee, the inmate must mail the documents to P.O. Box 344, Wrightsville, Georgia 31096. The Prison staff forwards the inmate's forms, including the unsigned Form AO 399 waiver, to the State Attorney General's Office. An attorney in that office signs the Form AO 399 waiver and returns it to the inmate. The inmate then mails the signed Form AO 399 waiver to the Clerk, which stops the 120-day clock. See Fed. R. Civ. P. 4(m); see also Toenniges v. Ayers, doc. no. 27, 3:11-cv-083-DHB-BKE (S.D. Ga. 2011). A pro se inmate who has paid the initial filing fees but has been unable to comply with Rule 4 service

9

requirements may, like other plaintiffs, request the Court to direct the Marshals to effectuate service. Rule 4 provides that the Court may grant such a request.

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

C. Plaintiff's Motions Regarding Service

Here, Plaintiff is <u>pro se</u> but is not proceeding <u>in forma pauperis</u> because a family member allegedly paid the initial filing fees on his behalf. Plaintiff's unique status as a prisoner who must pay for his own litigation has two significant consequences.

First, the Court has not screened the merits of Plaintiff's Section 1983 complaint as it does in the vast majority of prisoner civil rights cases. Screening of complaints to protect potential defendants occurs only in cases where the Court grants a plaintiff's <u>in forma pauperis</u> petition. Here, the Magistrate Judge denied Plaintiff's petition as moot because he paid the initial fees. If a screening had occurred in this case, the complaint may have been dismissed in light of Plaintiff's facially ridiculous demand for $35,000,000.00 in damages. However, the Court makes

no comment on the merits of the complaint in resolving Plaintiff's motions regarding service.

Second, and more importantly, the fact that Plaintiff is not proceeding in forma pauperis also means that Plaintiff has the responsibility of serving Defendants and may not rely on the Marshals to do so. As the Court clearly stated in three Orders regarding service in this case, Plaintiff must comply with Rule 4. (Doc. nos. 21, 28 & 34.)

The Court now turns to the pending motions. (Doc. nos. 40 & 43.) Plaintiff asks the Court to help him serve Defendants even though properly effectuating service is his responsibility. Plaintiff has not served either Defendant nor has he filed waivers of service. The record reflects and the Clerk confirms that two blank and unsigned Form AO 399 waivers were sent to Plaintiff. Plaintiff asserts that he received the forms from the Clerk, twice attempted to deliver those forms to Defendants - once by personal delivery and once by mail - but received no response from either Defendant. Plaintiff provides no evidence that he mailed or otherwise attempted to deliver the forms to Defendants, both of whom are employed at Johnson State Prison where Plaintiff is in custody. Neither Defendant has made an appearance in the case and the time for service recently lapsed.

In considering these circumstances, the Court notes that it has no desire to assist one party or the other in the

11

movement of this case toward its just conclusion. However, neither is the Court inclined to allow this matter to languish further on account of procedural missteps for which Plaintiff may not be solely responsible. The Court concludes that, rather than directing the Marshals to serve Defendants, Plaintiff shall again be provided the appropriate forms and given forty-five days from the date of this Order to fulfil his responsibilities under the Federal Rules. Plaintiff is reminded that, under Rule 4(d)(1)(F), Defendants have a reasonable time of at least thirty days after the requests are sent to return the signed Form AO 399 waivers to Plaintiff. <u>Defendants are reminded that the Court may require service of a summons and complaint by the Marshals in the event that Defendants fail to waive service, and impose the costs of service on Defendants absent a showing of good cause for their failure. See Fed. R. Civ. P. 4(d)(2).</u> Personal service by a Deputy United States Marshal is not inexpensive.

### III. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that the Clerk shall issue and deliver to Plaintiff by first-class mail:

(1) two copies of the complaint;

(2) two copies of this Order;

(3) one Form AO 398 (notice of a lawsuit and request to waive service of a summons)

12

appropriately completed and prepared for Defendant Dr. Ajibade;

(4) one Form AO 398 (notice of a lawsuit and request to waive service of a summons) appropriately completed and prepared for Defendant Warden Brad Hooks;

(5) one Form AO 399 (waiver of the service of summons) appropriately completed and prepared for Defendant Dr. Ajibade; and

(6) one Form AO 399 (waiver of the service of summons) appropriately completed and prepared for Defendant Warden Brad Hooks.

**IT IS FURTHER ORDERED** that, to avoid the risk of dismissal of the complaint, Plaintiff shall promptly mail to each Defendant a copy of the complaint, a completed copy of Form AO 398, and a completed copy of Form AO 399. Upon receipt, Plaintiff shall mail the signed Form AO 399 waivers to the Clerk of this Court within forty-five days of the date of this Order. Accordingly, the time for service is hereby extended.

The Clerk **DIRECTED** to provide a copy of this Order to each Defendant. Plaintiff's motion for reconsideration (doc. no. 40) and motion regarding service (doc. no. 43) are hereby **GRANTED** as set forth herein.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of April, 2015.

UNITED STATES DISTRICT JUDGE