ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 JUN 11 PM 3:11

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| STEVE HUGH EZZARD, | * | |
| Plaintiff, | * | |
| v. | * | CV 314-141 |
| DR. AJIBADE and BRAD HOOKS, Warden, | * | |
| Defendants. | * | |

**O R D E R**

Before the Court are various motions regarding service filed by Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia. (Doc. nos. 47, 48 & 49.) Defendants shall **SHOW CAUSE** within fourteen days of the date of this Order for their failure to waive service.

On July 23, 2014, Plaintiff filed a complaint in the Northern District of Georgia pursuant to 42 U.S.C. § 1983 seeking the following relief:

> The Veteran's Administration has acknowledged that they'd fix my leg, provided [sic] therapy and future treatment. I ask that this Court grant the VA Hospital authorization to do the surgery and make the State of Georgia Department of Corrections pay me $35,000,000.00 million dollars for damages, denial of medical treatment, pain and suffering, emotional distress, and punitive damages.

(Compl. ¶ 5.) On October 8, 2014, Plaintiff paid the $350.00 filing fee and the $50.00 administrative fee required for

civil actions ("filing fees"). (See doc. no. 21.) The Northern District dismissed Plaintiff's claims against certain Defendants and transferred his remaining claims to this Court. (Doc. no. 15.) Dr. Ajibade and Warden Brad Hooks, officials at Johnson State Prison, are the only remaining Defendants in the case.

Upon transfer, the Court explained to Plaintiff that pursuant to Federal Rule of Civil Procedure 4, he is responsible for serving Defendants because he paid the filing fees. (Doc. no. 21.) The Court then set the 120-day time limit for service under Rule 4 to run from the date of the first Order entered in this Court – December 9, 2014 – rather than the date Plaintiff originally filed his complaint in the Northern District. Thus, Plaintiff was required to serve Defendants on or before April 9, 2015.

On January 20, 2015, Plaintiff filed a petition to proceed in forma pauperis explaining that his family paid the initial filing fees, asserting that he is unable to pay any additional fees relating to this litigation, and asking that his case not be dismissed for failure to comply with Rule 4 service requirements. (Doc. no. 30.) On February 2, 2015, the Magistrate Judge denied the in forma pauperis petition as moot because Plaintiff had already paid the initial filing fees and did not specify which expenses he was unable to afford. (Doc.

no. 34.)

On February 9, 2015, Plaintiff filed an objection to that ruling. (Doc. no. 40.) Plaintiff informed the Court that he twice attempted to provide waiver of service forms to Defendant Dr. Ajibade and Defendant Warden Brad Hooks at Johnson State Prison, once by mail and once by personal delivery. Plaintiff contended that Defendants have not waived service, underscored his inability to pay for expenses related to service or litigation, and asked the Court not to dismiss the case.

On March 11, 2015, Plaintiff submitted a letter to the presiding judge seeking the following relief:

> I do not want my case to be dismissed for want of prosecution due to the fact that the Defendants will not waive service by signing [waiver of service] forms in there [sic] possession. So to alleviate a miscarriage of justice and in the interest of justice, I'm asking this Court to have the U.S Marshall's [sic] personally serve the Defendants.
>
> Brad Hooks and Dr. Ajibade at:
> Johnson State Prison
> 290 Donovan-Harris Rd.
> P.O. Box 344
> Wrightsville, Ga 31096

(Doc. no. 43.)

On April 24, 2015, the Court resolved the issue in the following manner:

> In considering these circumstances, the Court notes that it has no desire to assist one party or the other in the movement of this case toward its just

conclusion. However, neither is the Court inclined to allow this matter to languish further on account of procedural missteps for which Plaintiff may not be solely responsible. The Court concludes that, rather than directing the Marshals to serve Defendants, Plaintiff shall again be provided the appropriate forms and given forty-five days from the date of this Order to fulfill his responsibilities under the Federal Rules. Plaintiff is reminded that, under Rule 4(d)(1)(F), Defendants have a reasonable time of at least thirty days after the requests are sent to return the signed Form AO 399 waivers to Plaintiff. <u>Defendants are reminded that the Court may require service of a summons and complaint by the Marshals in the event that Defendants fail to waive service, and impose the costs of service on Defendants absent a showing of good cause for their failure. See Fed. R. Civ. P. 4(d)(2).</u> Personal service by a Deputy United States Marshal is not inexpensive.

(Doc. no. 45, emphasis in original.) Accordingly, the Court extended the time for service until June 8, 2015, and directed the Clerk to provide a copy of the Order to each Defendant. (<u>Id.</u>)

On May 6, 2015, Plaintiff delivered to each Defendant via certified mail another waiver of the service of summons. (Doc. nos. 46 & 47.) The next day, it appears that an agent for Defendants by the name of "A. Denton" received and signed for the waivers. (Doc. no. 48.) Plaintiff informs the Court that neither Defendant has waived service, the extended time for service has now passed, and asks the Court to intervene. (Doc. nos. 48 & 49.)

As noted in the April 24 Order, Rule 4 provides that if a defendant fails, without good cause, to sign and return a

4

waiver requested by a plaintiff, the Court must impose on the defendant (1) the expenses later incurred in making service; and (2) the reasonable expenses of any motion required to collect those service expenses. Fed. R. Civ. P. 4(d)(2).

Pursuant to Rule 4, and consistent with the April 24 Order, **IT IS HEREBY ORDERED** that each Defendant shall within fourteen days of the date of this Order **SHOW CAUSE** in writing for their failure to waive service. Absent good cause, the Court may require service by the Marshals and impose the costs of service on each Defendant. The Clerk is **DIRECTED** to serve a copy of this Order on each Defendant. Plaintiff's motions (doc. nos. 47, 48 & 49) are **GRANTED** as set forth herein.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of June, 2015.

/s/ Dudley H. Bowen, Jr.
UNITED STATES DISTRICT JUDGE