# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 AUG 27 PM 2: 16

CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

STEVE HUGH EZZARD,          *
                            *
        Plaintiff,          *
                            *
        v.                  *        CV 314-141
                            *
DR. AJIBADE and             *
BRAD HOOKS, Warden,         *
                            *
        Defendants.         *

-------

## O R D E R

-------

The captioned case was transferred to this district in December 2014. Thereafter, the United States Magistrate Judge directed Plaintiff to serve the remaining two Defendants. The responsibility of service of process fell upon Plaintiff because he had paid the filing fee. Plaintiff encountered some difficulty in doing so however. This Court intervened and ultimately ordered the United States Marshal to effect service on June 29, 2015. Defendants have now been served and have filed a motion to dismiss which remains pending.

Despite the fact that Defendants have been served at no expense to Plaintiff, he has filed two pleadings directed at the initial service of process problem: (1) a "Declaration of Daniel W. Taylor" (doc. no. 56) and (2) a "Sanctions" motion (doc. no. 61).

The first pleading - the declaration of Daniel W. Taylor, a fellow inmate at Johnson State Prison who professes to be "assisting" Plaintiff in this case - is directed at the United States Magistrate Judge. It accuses him of treason in that he did not rule in Plaintiff's favor to enter default judgment against Defendants. The Magistrate Judge has not denied any of Plaintiff's motions seeking default in their various forms. Rather, the default issue has been undertaken and resolved by the presiding district judge through the Orders of March 2, 2015, June 11, 2015, and June 29, 2015. (See Doc. Nos. 42, 50 & 52.) Thus, to the extent that Plaintiff seeks the recusal of the Magistrate Judge, his motion is misplaced and denied.

The second pleading requests sanctions against Defendants in the amount of $5,000. Plaintiff claims that Defendants' failure to accept service of process through certified mail has caused him further physical and mental anguish.[1] As explained to Plaintiff previously, his allegations respecting the condition of his leg, and Defendants' liability therefor, are unsubstantiated. (See Order of Dec. 9, 2014, Doc. No. 22.) Plaintiff has also failed to show that he will suffer irreparable injury if the Court does not intervene immediately. (Id.) The parties have not engaged in

---

[1]    Mr. Taylor also avers in his declaration that Plaintiff is "worser now than EVER and on his last leg." (Doc. No. 56, at 4.)

2

discovery, and Plaintiff has yet to survive Defendants' motion to dismiss. Rather than focus on the merits of his case, Plaintiff seems to be fixated on the service issue. The Court, however, has resolved that issue albeit not with default judgment or some other punitive measure desired by Plaintiff. Accordingly, and upon due consideration of Plaintiff's arguments in the aforementioned pleadings, his motion for sanctions (doc. no. 61) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___27th___ day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE