IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| STEVE H. EZZARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-141 |
| | ) | |
| DR. CALEB AJIBADE and | ) | |
| WARDEN BRAD HOOKS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

This matter is before the Court on Defendants' motion to stay discovery, (doc. no. 58), pending resolution of the pre-answer motion to dismiss, (doc. no. 57), and on Plaintiff's request for the appointment of a medical expert witness pursuant to Fed. R. Evid. 706(a), (doc. no. 71).

**I.   MOTION TO STAY**

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the

allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman, 176 F.R.D. at 652 (internal citation and quotation omitted).

Plaintiff has responded to the motion to dismiss, and Plaintiff has not contended that he cannot properly oppose the motion to dismiss in the absence of discovery. Indeed, Plaintiff has produced copies of grievances in an effort to contest the request for dismissal based on lack of exhaustion, (see doc. no. 69), and otherwise presents his opposition to the motion to stay as arguments on the merits of the motion to dismiss, (see doc. nos. 66, 67). Furthermore, the motion to dismiss has the potential to be dispositive of the entire case, and the Court believes, as explained in a simultaneously filed Report and Recommendation ("R&R"), that outright dismissal is a clear possibility. When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)).

Thus, the Court hereby **GRANTS** Defendants' motion (doc. no. 58) and **STAYS** all discovery in this action pending final resolution by the presiding District Judge of Defendants' motion to dismiss.

## II. MOTION FOR APPOINTMENT OF AN EXPERT

This Court has the discretion to appoint an expert witness to assist the Court in its disposition of a case. See Fed. R. Evid. 706(a); Robinson v. United States, 462 F. App'x

885, 887 (11th Cir. 2012) (citing Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996)). The Court also has discretion to direct either or both of the parties to pay for the services of such an expert. Daker v. Wetherington, No. 1:01-CV-3257-RWS, 2006 WL 648765, at *4 (N.D. Ga. Mar. 15, 2006). Such expert appointments are not common and are "generally reserved for complex, highly technical litigation." Id. at *5 (citation omitted). "As a general matter, such measures should be taken sparingly, particularly given the large volume of cases in which indigent prisoners allege the improper deprivation of medical care, and the substantial expense that defendants may have to bear if the Court does appoint an expert." Pabon v. Goord, No. 99CIV5869WHPTHK, 2001 WL 856601, at *2 (S.D.N.Y. July 30, 2001).

Plaintiff has not made a sufficient showing to justify the appointment of a medical expert. In this case, Plaintiff brings an Eighth Amendment claim, alleging that he has received improper medical care. Defendants have moved to dismiss the case, arguing, among other things, that Plaintiff failed to exhaust his administrative remedies, and therefore Plaintiff did not properly complete the prerequisites to bring his claims in federal court. (See doc. no. 57.) Plaintiff, however, seeks appointment of an expert to help him prove the merits of his underlying Eighth Amendment claim. (See doc. no. 71.)

In a simultaneously filed R&R, the Court recommends that Defendants' motion to dismiss be granted on exhaustion grounds. Thus, Plaintiff's motion for an expert to address the merits of his claim is, at best, premature. Just as importantly, "[l]itigant assistance is not the purpose of Rule 706." Draker, 2006 WL 648765, at *5 (collecting cases standing for the proposition that appointment of an expert is for assisting the court in evaluating conflicting evidence, not assisting a plaintiff to prove his case against a defendant). As is evident from the list of "Fact for Medical Expert" in Plaintiff's motion, he seeks to have a medical expert

3

appointed to assist him with marshaling medical evidence in an attempt to prove his allegations of constitutionally improper medical care. (Doc. no. 71, p. 2.) He does not seek the appointment of an expert to assist the Court in evaluating conflicting evidence.

In sum, Plaintiff has not shown that the Court should exercise its discretion to appoint an expert, and therefore, the Court **DENIES** the motion.

SO ORDERED this 5th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA